**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2995
_____

ARMONI MASUD JOHNSON,
Appellant

v.

WALTER KOEHLER; CHRISTOPHER O'BRIEN; CHRISTOPHER LAMB;
JUDGE PIERANTONI; JUDGE AUGELLO; JUDGE BROWN; MATTHEW KELLY;
CHARLES ROSS; MARK SINGER; DISTRICT ATTORNEY LUZERNE COUNTY;
STEPHANIE SALAVANTIS; F. MCCABE; MARY PHILLIPS; CLERK OF COURTS
LUZERNE COUNTY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-01490)
District Judge: Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2024
Before: JORDAN, PORTER, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se Appellant Armoni Masud Johnson appeals the District Court's order denying his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Johnson filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleged several claims related to four Pennsylvania state criminal cases in which he was found guilty of criminal drug possession, aggravated assault, and drug trafficking. His central contention relates to his sale of heroin to a confidential informant; Johnson alleges that the use of the confidential informant equated to entrapment by law enforcement. He also claims that judges, prosecutors, public defenders, state troopers, and prison officials violated his constitutional rights during the course of his criminal proceedings and imprisonment.

In a voluminous and well-reasoned opinion, the District Court dismissed the majority of his claims, and stayed the remainder pending trial in one of Johnson's criminal cases. Following the resolution of that case, the District Court reopened Johnson's § 1983 case. A Magistrate Judge recommended dismissal of his remaining claims, and the District Court dismissed his claims after adopting the Magistrate Judge's report and recommendation. Johnson filed a motion under Federal Rule of Civil Procedure 59(e), which the District Court denied. He then filed a timely notice of appeal. This Court summarily affirmed the judgment of the District Court. See C.A. No. 18-1149. Johnson subsequently filed five motions for relief that were denied as untimely.

2

He then filed another motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which was also denied. Johnson filed a timely notice of appeal challenging the denial of the latest Rule 60(b) motion.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order denying a Rule 60(b) motion for an abuse of discretion. See Giordano v. McCartney, 385 F.2d 154, 155 (3d Cir. 1967). We may summarily affirm the District Court's order if we find that Johnson has not presented a substantial question. See 3d Cir. LAR 27. 4 and IOP 10.6.

A Rule 60(b) motion "must be made within a reasonable time" and must be made within a year of the entry of the underlying judgment or order when the movant alleges, as Johnson does here, a reason related to mistake, newly discovered evidence, or fraud.[1] See Fed. R. Civ. P. 60(c)(1). Johnson filed his Rule 60(b) motion in 2023, and the underlying orders were filed in 2015 and 2017. As a result, the District Court correctly ruled that it is untimely under Federal Rule of Civil Procedures Rule 60(c). Additionally, even if his motion were timely, Johnson alleges in his motion that there is newly discovered evidence supporting his case, but fails to present said evidence and only relies on an unfounded theory about exculpatory evidence that was destroyed after his phones

---

[1] In his motion, Johnson cites Rule 60(b)(6), which is the catch-all clause that allows for relief under Rule 60(b) for "any other reason that justifies relief." However, he also explicitly references "a newly discovery of evidence theory" [sic]. Consequently, his motion is better categorized under Rule 60(b)(2), and the application of the "no more than a year" timing rule under Rule 60(c)(1) is appropriate. Even were this not so, Johnson fails to argue how the filing of his motion after several years would qualify as being made "within a reasonable time."

were confiscated by police in 2012. Johnson points to Facebook messages sent to him from the person he believes to be the confidential informant involved in his case, but these messages do not help Johnson as they could have been discovered prior to trial through the exercise of reasonable diligence and would probably not change the outcome of his case. See Giordano, 385 F.2d at 155 (noting that "[t]o entitle a party to a new trial on the grounds of newly discovered evidence it must appear that the evidence is not merely cumulative, that it could not have been discovered prior to trial through the exercise of reasonable diligence, and that the evidence is such as would probably change the outcome"). His other arguments are equally without merit, as they are attempts to relitigate claims already rejected by the District Court.

For these reasons, the District Court did not abuse its discretion by denying Johnson's motion, and he has not presented a substantial question here. Accordingly, we will summarily affirm the District Court's judgment. Johnson's motions for relevance, motion for enlargement of page limitation, and motion to supplement his argument are denied.